# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH L. KAMMERDEINER, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> SUPT. MICHAEL CLARK, THE ) <br> ATTORNEY GENERAL OF THE ) <br> STATE OF PENNSYLVANIA, and ) <br> DISTRICT ATTORNEY OF ) <br> ARMSTRONG COUNTY, ) <br> PENNSYLVANIA, ) <br> ) <br> Respondents. ) | Civil Action No. 17-cv-0808 <br> United States Magistrate Judge <br> Cynthia Reed Eddy |

## **MEMORANDUM ORDER**

Petitioner, Keith L. Kammerdeiner, is a state prisoner. He filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (ECF No. 1). He challenges the judgment of sentence imposed upon him in 2013 by the Court of Common Pleas of Armstrong County at docket number CP-03-CR-0000758-2012. No direct appeal was filed.

Petitioner filed a petition for collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. Following a hearing, the petition was denied in November of 2015. On July 13, 2016, the Superior Court of Pennsylvania affirmed the denial of the PCRA petition. *Commonwealth v. Kammerdeiner,* 154 A.3d 855, 2016 WL 5210817 (Pa. Super. 2016).

On or about June 8, 2017,[1] Petitioner filed the instant petition for habeas relief. The Petition appears to raise four (4) issues, two of which are ineffective assistance of counsel claims, one *Brady* violation claim, and a denial of due process and fair trial claim. Petitioner paid the filing fee and this Court issued an order directing the United States Marshal to serve the habeas petition on the Respondents.

On May 22, 2018, Respondents filed the pending motion to dismiss, in which they argue that the Petition should be dismissed because it is a "mixed petition" as Petitioner is presenting both exhausted and unexhausted claims.[2] (ECF No. 14).

Generally, before presenting a petition for writ of habeas corpus to a federal court, a person in state custody must exhaust all remedies provided in the state courts. 28 U.S.C. § 2254(b). A mixed petition, that is, one which contains both exhausted and unexhausted claims, must be dismissed. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). However, if the unexhausted claims are procedurally defaulted in the state courts, the petition is <u>not</u> a mixed petition. *Toulson v. Beyer,* 987 F.2d 984 (3d Cir. 1993). The court may "excuse" the exhaustion requirement as

---

[1] The Petition is hand dated as being executed on June 8, 2017. The petition was received and filed by the Clerk on June 19, 2017.

[2] "The federal habeas statute requires state prisoners to exhaust available state court remedies before seeking federal relief." *Nara v. Frank,* 488 F.3d 187, 197 (3d Cir. 2007) (citing 28 U.S.C. § 2254(b)(1)). Exhaustion "addresses federalism and comity concerns by 'affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Parker v. Kelchner*, 429 F.3d 58, 61 (3d Cir. 2005) (quoting *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993), which quoted *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986)). Importantly, in order to exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Pennsylvania, this requirement means that a petitioner in a non-capital case must have presented every federal constitutional claim raised in his habeas petition to the Superior Court either on direct or PCRA appeal. *See, e.g., Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004).

"futile" if it is clear that petitioner's unexhausted claims are now barred from review under state law. *Gray v. Netherland*, 518 U.S. 152, 161 (1996).[3] Futility is established where "exhaustion is not possible because the state court would refuse on procedural grounds to hear the merits of the claims." *Lines*, 208 F.3d at 163. Here, requiring Petitioner to return to state court to attempt to litigate his "unexhausted" claims would be "futile" because he is now foreclosed from litigating those claims on the merits under Pennsylvania law. Thus, those claims are now procedurally defaulted.[4]

Petitioner has the opportunity to make the argument in his reply to Respondents' answer that he can overcome any default he if can establish "cause and prejudice" or under the "fundamental miscarriage of justice" exception, which provides that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court

---

[3] Stated another way, when it is futile for a petitioner to exhaust his claims, the claims are "deemed exhausted." *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). In *Lines,* the court of appeals explained:

> Petitioners who have not fairly presented their claims to the highest state court have failed to exhaust those claims. *O'Sullivan v. Boerckel.* If, however, state procedural rules bar a petitioner from seeking further relief in state courts, "the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.' 28 U.S.C. § 2254(b)." *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999). Even so, this does not mean that a federal court may, without more, proceed to the merits. Rather, claims deemed exhausted because of a state procedural bar are procedurally defaulted, and federal courts may not consider their merits unless the petitioner "establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse the default." *Id. See also Coleman,* 501 U.S. at 731.

*Id*.

[4] A petitioner can procedurally default a federal habeas claim in two ways, by: (1) failing to present it to the state court and the state court would now decline to address it on the merits because state procedural rules bar such consideration; or (2) failing to comply with an independent and adequate state procedural rule when he presented a claim to the state court, and for the that reason the state court declined to address the federal claim on the merits. *See, e.g., Wainwright v. Syke*s, 433 U.S. 72, 81-87 (1977); *Lines*, 208 F.3d at 162-69.

cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" *Schlup v. Delo*, 513 U.S. 298, 316 (1995).

Based upon all of the foregoing, the Respondents' motion to dismiss is **DENIED.** Respondents must file an answer to the petition by **June 25, 2018**. Respondents should address the merits of the claims that were presented to the state courts. They should also address whether the Petitioner can overcome the default of any claim he has raised in his federal habeas petition that he did not also raise on appeal in the state courts. The Petitioner's reply to the Respondents' answer is due within 30 days of the date the Respondents file the answer.

So **ORDERED** this 25th day of May, 2018.

s/Cynthia Reed Eddy
Cynthia Reed Eddy
U.S. Magistrate Judge

cc:  KEITH L. KAMMERDEINER
LE-8489
SCI Albion
10745 Route 18
Albion, PA 16475-0002
(via U.S. First Class Mail)

Kathleen M. Charlton, District Attorney
Armstrong County Courthouse
(via ECF electronic notification)