# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH L. KAMMERDEINER**, | ) | |
| | ) | 2:17cv808 |
| Petitioner, | ) | Electronic Filing |
| | ) | |
| v. | ) | Senior Judge David Stewart Cercone |
| | ) | |
| **SUPT. MICHAEL CLARK**, **THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA** and **THE DISTRICT ATTORNEY OF ARMSTRONG COUNTY**, | ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Before the Court are the *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 filed by Petitioner, Keith L. Kammerdeiner ("Petitioner" or "Kammerdeiner"), the Report and Recommendation of Chief United States Magistrate Judge Cynthia Reed Eddy recommending dismissal of the Petition ("R&R," ECF No. 27), and Petitioner's *pro se* Objections to the R&R (ECF No. 28). For the reasons set forth below, the objections will be overruled, the R&R will be approved and adopted as supplemented, the Petition will be dismissed, and a certificate of appealability will be denied.

### I. Standard For Reviewing a Report and Recommendation

The filing of timely objections requires the court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Goney v. Clark*, 749 F.2d 5, 6 (3d Cir. 1984) (explaining that *de novo* review is not required if objections are not specific). In doing so, the Court may accept,

reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1). The district court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. *United States v. Raddatz,* 447 U.S. 667, 676 (1980); *Goney,* 749 F.2d at 7. "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation *de novo* under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x 142, 148 (3d Cir. 2016). With regard to the portions of the R&R to which no objections are made, the district court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes.

## II. Discussion

Kammerdeiner is challenging his 2013 convictions and judgment in the Court of Common Pleas of Armstrong County for rape (threat of forcible compulsion); aggravated assault; aggravated indecent assault (forcible compulsion); terroristic threats with intent to terrorize another; unlawful restraint / serious bodily injury; indecent assault (without consent of another); and risking catastrophe. The Petition was referred to Chief Magistrate Eddy, who, on January 11, 2019, issued a R&R recommending that the Petition be dismissed on the grounds that the Petition was filed well outside AEDPA's applicable statute of limitations. (ECF No. 27).

As the R&R explains, Kammerdeiner's sentence became final for AEDPA purposes on January 17, 2014. He filed a timely PCRA petition, which tolled the AEDPA statute of limitations, but 259 days had passed before the statute of limitations was tolled. The tolling period ended on August 15, 2016, the next business day after the Superior Court affirmed the

2

judgment of the PCRA court.  Kammerdeiner only had 97 days left to file his federal habeas petition, or specifically until November 21, 2016.  Even giving Kammerdeiner the benefit of the prisoner mailbox rule, the instant Petition was filed on June 8, 2017, well beyond the time for filing a federal habeas petition had expired. The magistrate judge found that nothing in the record supports a conclusion that equitable tolling is appropriate.  Kammerdeiner filed timely objections to the R&R.  (ECF No. 28).

Kammerdeiner strenuously argues entitlement to equitable tolling and repeats arguments already addressed in the R&R.  Before addressing his objections, the Court notes that it is the heavy burden of the petitioner in a habeas case to show entitlement to tolling.  As will be explained, the Court finds that Kammerdeiner has not carried his burden to show he is entitled to equitable tolling.  While he mounts an array of arguments, the Court agrees with the recommendation of the Magistrate Judge and finds that Kammerdeiner has failed to show "reasonable diligence" and any "extraordinary circumstances" that prevented him from timely filing the instant habeas Petition.  This failure is fatal to Kammerdeiner's argument for equitable tolling as the test for entitlement to equitable tolling is two pronged:  a petitioner must show both reasonable diligence and extraordinary circumstances prevented a timely filing of the habeas petition.  *See Rios v. Attorney Gen. of U.S.*, 615 F. App'x 752, 755 (3d Cir. 2015) ("The diligence and extraordinary circumstances test is conjunctive.")

Kammerdeiner presents three principal arguments in his objections, which will be discussed seriatim.  First, Kammerdeiner states he was unable to file a timely habeas petition due to his mental incapacity and incompetency and that he was unable to obtain the status of his case

3

and a copy of his case file. Obj. at 2. As the R&R correctly points out, there is no evidence in the record in support of Kammerdeiner's self-serving claim that he was not able to file his habeas petition on time due to his "mental incapacity and incompetency." Kammerdeiner argues that he

> suffers from numerous mental health disorders that have severely hindered his ability to comprehend what reality he is currently in. He suffers from psychosis which involves a disorganization of his personality, as well as numerous other mental diagnosis' such as Manic Psychotic, Mania, Suicidal, Bipolar, Mood Disorders, etc.

Obj. at 6-7. However, our court of appeals has stated that "mental incompetence is not a *per se* reason to toll a statute of limitations." *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001) (citing *Lake v. Arnold*, 232 F.3d 360, 371 (3d Cir. 2000)).

The Court also finds unavailing Kammerdeiner's argument that he was unable to timely file his habeas petition because he was not aware of the status of his case and did not have a copy of his case file. It is not at all clear what documents Kammerdeiner claims he needed in order to file a timely federal habeas petition. The Court finds that Kammerdeiner's inability to obtain copies of his case file does not present an "extraordinary circumstance that stood in" the way of filing his habeas petition. *Holland*, 560 U.S. at 649. Kammerdeiner did in fact file the instant petition although he apparently still does not have his case documents. Thus, Kammerdeiner cannot persuasively argue that his inability to procure his case file hindered his ability to timely file his Petition.

Also, Kammerdeiner cannot plausibly argue that he was unaware of the status of his PCRA proceedings. He testified at the hearing in September 2015 and he acknowledges that he received notice that the PCRA court had denied his petition. Pet's Memo. at 4. There is no

evidence in the record to suggest that Kammerdeiner ever attempted to file his habeas petition earlier or that he could not have filed it in a timely fashion.

Next, Kammerdeiner continues to argue that he was "abandoned" by both his trial counsel and PCRA counsel, arguments which were addressed in the R&R. In his PCRA proceeding, Kammerdeiner did not raise the issue of abandonment by his trial counsel in his *pro se* petition and the issue was not raised in his counseled amended PCRA petitions. If Petitioner's trial counsel had "abandoned him," it is reasonable to presume that he would have notified the Court of Common Pleas; yet he never notified the court that his trial counsel failed to follow his instructions to file a direct appeal. And, importantly, as noted in the R&R, he did not make that allegation in his *pro se* PCRA petition. Similarly, his argument that his PCRA counsel abandoned him also fails. Kammerdeiner's counsel certainly did not abandon him, as she properly pursued Kammerdeiner's post-conviction claims through the PCRA court and Superior Court. Again, he never notified the PCRA court or the Superior Court that his PCRA counsel had failed to follow his instructions to raise an issue alleging abandonment by his trial counsel.

Kammerdeiner's final objection is that he has suffered a "miscarriage of justice" based on "new evidence," namely the texts from his cell phone. This is not the first time that Kammerdeiner has raised the issue. On PCRA review, the Superior Court explicitly addressed the issue and found that the text messages from his cell phone "did not constitute after-discovered exculpatory evidence":

> Here, Appellant has not shown that the evidence is newly discovered. The text exchange in question took place the day before the incident; the only parties to the exchange were Appellant and the victim. (See N.T. PCRA Hearing, 9/16-17/15, at 21). Thus, Appellant was aware of the exchange as of that date. Further,

> Appellant took the police to the location where he discarded the cell phone, thus he was aware that the cell phone was in police possession. (See id. at 24). Therefore, well before trial, Appellant knew that he had engaged in a text message with the victim. While he might not have been able to quote the exact texts, he was aware of the specifics of the exchange, and he knew the phone was in the possession of the police. Despite this, he elected not to inform trial counsel, who had represented him since the preliminary hearing, of any of this until either the day before, or the morning of trial. (See id. at 32, 38-39). . . .
>
> Here, Appellant chose not to inform counsel about an easily investigated source of allegedly exculpatory information. Therefore, he did not exercise reasonable diligence in investigating it. His newly discovered claim, therefore, must fail.

*Commonwealth v. Kammerdeiner*, No. 2017 WDA 2015 (Pa. Super. Ct. July 13, 2016) (ECF No. 20-9 at 17-18).

The Court has reviewed the matter and concludes that the R&R correctly analyzes the issue and makes a sound recommendation. Kammerdeiner may not have understood the implications of waiting so long to file his federal habeas corpus petition, but it is well established that a petitioner's "lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross,* 712 F.3d at 800 (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003) and *Doe v. Menefee*, 391 F.3d 147, 177 (2d Cir. 2004)).

Accordingly, after *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and objections thereto, the Petition for Writ of Habeas Corpus will be **DISMISSED** as untimely.

An appropriate Order follows.

Dated: April 2, 2019	s/David Stewart Cercone
	David Stewart Cercone
	Senior United States District Judge

cc: Keith L. Kammerdeiner
LE-8489
SCI Albion
10745 Route 18
Albion, PA 16475-0002
(*Via First Class Mail*)

Kathleen M. Charlton, Esquire
(*Via CM/ECF Electronic Mail*)